IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SHERYL STARLIPER for** | * | |
| **ERIC GLEN STARLIPER, deceased** | * | |
| | * | |
| v. | * | **Civil Case No. CCB-13-3646** |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix).  I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply.  ECF Nos. 13, 17, 18.  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed.  42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2014).  For the reasons set forth below, I recommend that the Commissioner's motion be granted and that Plaintiff's motion be denied.

Eric Glen Starliper ("Mr. Starliper") applied for Disability Insurance Benefits on August 31, 2010, alleging a disability onset date of November 10, 2009.  (Tr. 203-04).  His claim was denied initially on January 6, 2011, and on reconsideration on April 21, 2011.  (Tr. 150-54, 137-48).  An Administrative Law Judge ("ALJ") held a hearing on July 7, 2012, (Tr. 79-126), and subsequently denied benefits to Mr. Starliper in a written opinion dated August 8, 2012.  (Tr. 60-78).  Mr. Starliper died on February 12, 2013, and on February 22, 2013, his wife, Sheryl Starliper, substituted as the Plaintiff in this matter.  (Tr. 201-02).  The Appeals Council ("AC") declined review of Mr. Starliper's claim, (Tr. 1-7), making the ALJ's decision the final,

reviewable decision of the agency.

The ALJ found that Mr. Starliper suffered from the severe impairments of right knee injury, cardiomyopathy, and diabetes mellitus.  (Tr. 65).  However, the ALJ determined that, during the relevant period up to the date of the ALJ's opinion in August, 2012, Mr. Starliper retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except stand and walk about 6 hours in an eight-hour work day, sit about 6 hours, avoiding pushing and pulling with right leg, occasional postural activities, no climbing rope, ladder, or scaffolding, and avoiding working overhead with right arm, frequent but not constant handling, fingering, and feeling with the right hand, avoiding concentrated exposure to temperature extremes, odors, dusts, gases, poor ventilation, and hazards, moving machinery and heights.

(Tr. 69).  After considering testimony from a vocational expert ("VE"), the ALJ determined that Mr. Starliper could perform work existing in significant numbers in the national economy at both the light and sedentary exertional levels, and that he was not therefore disabled.  (Tr. 72-73).

Plaintiff disagrees.  She asserts several arguments in support of her appeal:  (1) that the AC erred in evaluating new and material evidence; (2) that the ALJ's RFC determination was not supported by substantial evidence; and (3) that the ALJ erred in assessing Mr. Starliper's credibility.  Each argument lacks merit.

First, Plaintiff contends that the AC should have ordered remand in light of its receipt of hospitalization records from December 2012 and treatment records and an autopsy report pertaining to Mr. Starliper's death in February 2013.  Pl. Mem. 28-34.  The AC must review additional evidence if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991).  Evidence is "new" if "it is not duplicative or cumulative." *Id.* at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* "[T]he regulatory scheme does not require the Appeals Council to do

anything more than what it did in this case, i.e., consider new and material evidence . . . in deciding whether to grant review." *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011) (internal quotation marks omitted).  The AC is not required to take any specific action in response to new and material evidence, and is not required to provide a detailed explanation of its evaluation.  *Id.*

In this case, the record demonstrates the AC's receipt and consideration of the additional evidence.  (Tr. 9).  The AC listed the records in question and stated:

> The Administrative Law Judge decided your case through August 8, 2012.  This new information is about a later time.  Therefore, it does not affect the decision about whether your husband was disabled beginning on or before August 8, 2012.

*Id.*  Plaintiff contends that the records from December 2012 and February 2013 constitute evidence of long-standing conditions relating to diabetes and heart disease that pre-dated the ALJ's opinion.  Pl. Mot. 29-34.  However, a review of the entire medical record does not corroborate Plaintiff's reading.  The ALJ correctly notes, in the opinion, that Mr. Starliper's treating physicians consistently stated that both his diabetes and his heart condition were adequately controlled.  (Tr. 67-68).  The records do not show that Mr. Starliper sought any medical treatment between February 2012 and December 2012.  *See Pass v. Chater,* 65 F.3d 1200, 1203 (4th Cir. 1995) (noting that the burden rests with the claimant, through the first four steps of the sequential evaluation, to present evidence establishing disability during the relevant period).  When Mr. Starliper sought treatment in December 2012, he appeared to have been suffering from infection for some time, but reported worsening symptoms over the past two days.  (Tr. 36).  The records themselves indicate "a history of recent cellulitis," (Tr. 23), suggesting that the onset could have been after August 2012.  The eventual cause of Mr. Starliper's death was an allergic reaction to a medication for end-stage renal disease, which was not diagnosed until after August 2012.  (Tr. 20, 23-24, 56, 57).  The autopsy records do reflect "an acute allergic reaction in the setting of significant heart disease," but do not provide information about the onset of that

condition or the likely progression of the disease.  (Tr. 20).   The AC concluded that the

December 2012 records, and the subsequent records from February 2013, do not relate to the

period pre-dating the ALJ's opinion in August 2012.  Given the absence of any treatment records

during the relevant time frame between February 2012 and December 2012, I cannot conclude

that the AC's determination was erroneous.

Next, Plaintiff argues that the ALJ erred by assigning too much weight to the opinion of a

non-examining State agency physician.  Pl. Mot. 34-35.  From the outset, it should be stated that

this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ,

but simply to adjudicate whether the ALJ's decision was supported by substantial evidence.  *See*

*Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Here, the ALJ's decision meets that

standard.  Plaintiff posits that the ALJ improperly relied upon the consulting physician's opinion

that Mr. Starliper's "diabetes is adequately controlled with medication," without providing

substantiating citations from the medical records.  Pl. Mot. 34.  However, Mr. Starliper's treating

physician, Dr. Voorhees, noted on at least four occasions that his diabetes was "uncomplicated"

and "under control."  (Tr. 458, 462, 476, 480).  The last such note from Dr. Voorhees, in March

2011, appears to be the last treatment note referring to the status of Mr. Starliper's diabetes until

his hospitalization in December 2012, at which time his diabetes was unquestionably

uncontrolled.   However, there is no evidence to determine when, between March 2011 and

December 2012, the situation deteriorated.  Accordingly, I find no error in the ALJ's assignment

of weight to the State agency doctors, whose conclusions were supported by the treatment notes

from Dr. Voorhees.

Finally, Plaintiff protests the ALJ's adverse assessment of Mr. Starliper's credibility.  Pl.

Mot. 36-40.  The ALJ specifically cited to medical evidence showing that Mr. Starliper's

neuropathy, right knee pain, heart condition, and diabetes were adequately controlled by

medication and did not significantly limit his ability to move about throughout the workday. (Tr. 66-68, 71). Although Mr. Starliper testified at the hearing that his activities were significantly more limited, the record contained no medical evidence to support his testimony, possibly because he had not sought any medical treatment in the months leading up to the hearing. In the absence of medical records corroborating Mr. Starliper's testimony, and with the earlier medical records supporting the conclusions of the ALJ, remand is unwarranted.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion for Summary Judgment (ECF No. 17); and

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 13) and CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated: January 7, 2015


_____/s/_____
Stephanie A. Gallagher
United States Magistrate Judge